IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| PATRICK L. ROBERTSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 113-036 |
| | ) | |
| DENNIS BROWN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner brought the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is Respondent's motion to dismiss the petition as untimely. (Doc. no. 7.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED** and that this case be **DISMISSED** and **CLOSED**.

I. **BACKGROUND**

On May 30, 2007, Petitioner pled guilty in the Superior Court of Burke County to two counts of statutory rape and one count of criminal attempt to commit aggravated assault. (Doc. no. 1, p. 1.) Petitioner did not file a direct appeal following his conviction, but on June 29, 2007 he filed an application with the Georgia Sentence Review Panel (the "Panel") for a sentence reduction pursuant to former O.C.G.A. § 17-10-6 (repealed 2007). However, on July 7, 2008 the Georgia Supreme Court held that § 17-10-6 was unconstitutional. Sentence Review Panel, et al., v. Moseley, 663 S.E.2d 679 (Ga. 2008).

(Doc. no. 17-1.) One month later on August 11, 2008, Petitioner received a letter informing him that the Panel would not be able to review his case in light of the holding in Moseley. (Id. at 2.)

On September 16, 2008, Petitioner filed a petition for a writ of habeas corpus in the Superior Court of Tattnall County. (Doc. no. 9-1.) Following a hearing, the trial court denied Petitioner's state habeas corpus petition on April 12, 2012. (Doc. no. 9-4.) The Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal the denial of his state habeas petition on January 7, 2013. Robertson v. Upton, Warden, No. S12H1397 (Ga. Jan. 7, 2013).

Petitioner then executed the instant § 2254 petition on February 27, 2013, claiming that (1) he received ineffective assistance of counsel, (2) he was arrested pursuant to an illegal search and seizure, (3) he was improperly sentenced, and (4) he is falsely imprisoned. (See doc. no. 1, pp. 5-11.) In the instant motion, Respondent asserts that the petition should be dismissed as time-barred under 28 U.S.C. § 2244(d). (See doc. no. 7.) In an Order dated October 11, 2013, the Court found that the timeliness of the petition hinges on whether Petitioner's application to the Panel had a tolling effect on the statute of limitations period. (Doc. no. 11, pp. 3-4.) Because additional information was needed regarding Petitioner's application and its tolling effect, if any, the Court directed the parties to file supplemental briefs addressing this issue. (Id. at 4-5.) The parties having submitted their briefs (doc. nos. 14, 16, 18), the Court resolves the issue as follows.

2

## II. DISCUSSION

### A. Petitioner's Application for Sentence Reduction Did Not Toll the Statute of Limitations.

Pursuant to 28 U.S.C. § 2244, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitations for § 2254 motions that runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As Petitioner has proffered no reason to suppose that §§ 2244(d)(1)(B), (C), or (D) apply to the instant case, it is governed by § 2244(d)(1)(A). Under § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Because Petitioner did not file a direct appeal, his May 30, 2007 conviction became "final" when the 30-day period to appeal expired. O.C.G.A.

§ 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of."). Thus, for the purpose of determining the timeliness of the above-captioned petition, Petitioner's conviction became final no later than July 2007.

Petitioner's state habeas petition was filed on September 24, 2008, more than a year after his conviction became final. Standing alone, a comparison of these two dates suggests that by the time Petitioner filed his state habeas petition, the one-year limitations period for filing a federal petition had already expired, meaning that no time period remained to be tolled. However, pursuant to § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction or other collateral review is pending in state court. Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006). Here, Petitioner applied to the Panel for sentence reduction on June 29, 2007, and was notified that his case would not be reviewed on August 11, 2008. (Doc. no. 17-1, pp. 1-2.) The Court must determine whether Petitioner's application for sentence reduction constitutes collateral review as contemplated by the tolling provision of § 2244(d)(2).[1] If the answer is yes, the tolling provision applies and Petitioner's federal petition is timely.

In March 2011, the U.S. Supreme Court held that "collateral review" in § 2244(d)(2) means "judicial review of a judgment in a proceeding that is not part of direct review." Wall v. Kholi, 131 S.Ct 1278, 1282 (2011). Falling within the scope of this

---

[1] Respondent concedes that Petitioner's application to the Panel was "properly filed". (Doc. no. 16, p. 6.)

4

definition, the Court explained, are habeas proceedings, petitions for writs of *coram nobis*, and motions to reduce sentence when they are not part of the direct review process. Id. at 1284-85. The Court held that a motion to reduce sentence under Rhode Island law fell within the scope of this definition because the parties agreed that the motion was not part of the direct review process. Id. at 1282.

Five months after the U.S. Supreme Court decided Wall, the Eleventh Circuit held that a motion filed in Florida state court to reduce or modify sentence did not toll the statute of limitations under § 2244(d)(2). See Baker v. McNeil, 439 F. App'x 786, 788-89 (11th Cir. 2011) (*per curiam*). The Eleventh Circuit explained that, unlike Rhode Island law at issue in Wall, Florida law (1) provided that the motion to reduce sentence was merely a discretionary matter for the trial court to mitigate a sentence, not a vehicle for raising legal errors in the sentence; (2) allowed challenges to the legality of a sentence on direct appeal through a separate rule; (3) did not permit an appeal from the court's disposition of the motion to reduce sentence and supplied no legal standards for consideration of the motion; and (4) did not permit certiorari review of the discretionary ruling, but instead limited such review to procedural issues. Id. at 788-89.

Finally, the Eleventh Circuit addressed the trepidation expressed in Wall of saddling federal courts with the complicated task of separating motions to reduce sentence into different categories. The court explained that the task is not complicated in the least bit where, as in Florida but not Rhode Island, the motion to reduce sentence is "only a request for leniency" and a separate rule exists to challenge the sentence's legality. Id.

Here, review under former O.C.G.A. § 17-10-6 was remarkably similar to review under the Florida law at issue in Baker. First, § 17-10-6 was not a vehicle for challenging the legality of a sentence, but instead Georgia law permits a defendant to challenge the legality of his sentence through separate rules for post-sentence trial motions and direct appeals. See O.C.G.A. § 17-10-1(f); Reynolds v. State, 611 S.E.2d 750, 752-54 (Ga. Ct. App. 2005) (defendant may challenge the legality of his sentence on direct appeal or by a timely motion in the trial court); Arnold v. State, 628 S.E.2d 605, 608 (Ga. Ct. App. 2006) (Court of Appeals had jurisdiction to consider defendant's challenge to the legality of his sentence because a void sentence may be challenged at any time).

Moreover, § 17-10-6 did not provide legal standards for consideration of the motion, but instead invested the Panel with discretionary authority to mitigate a sentence that "is too harsh or severe in light of all the circumstances surrounding the case and the defendant, and in light of the defendant's past history . . . ." O.C.G.A. § 17-10-6(c). The Panel was not required to issue written opinions, and could not increase or completely eliminate a sentence. Id. The Panel's determinations were not reviewable by appellate courts, and the provisions for sentence review under § 17-10-6 had no effect on "practices, procedures, or time limitations relative to appeals to appellate courts." O.C.G.A. § 17-10-6(d). Thus, an application filed pursuant to § 17-10-6 was simply a plea for leniency akin to the Florida law at issue in Baker. 439 F. App'x at 788-89.

Finally, given the separate avenues under Georgia law for challenging the legality of a sentence under on motion to the trial court and on direct appeal, the concern expressed by the Court in Wall regarding the complication of separating motions to

6

reduce sentence into different categories was not present under the former Georgia law. For all of these reasons, Petitioner's application to reduce sentence did not constitute collateral review under § 2244(d)(2), as defined by the U.S. Supreme Court in Wall, and thus did not stay the limitations period for filing the instant § 2254 petition.

Importantly, this conclusion is consistent with Bridges v. Johnson, 284 F.3d 1201 (11th Cir. 2002), a case decided nine years before Wall in which the Eleventh Circuit reviewed the same Georgia statute, § 17-10-6, and held that it did not constitute collateral review under § 2244(d)(2). In Bridges, the Eleventh Circuit stated that "the sentence review panel's sole task [was] to determine whether the sentence or sentences [were] excessively harsh," and "an application for sentence review [was] merely a means for comparing sentences to ensure accuracy." Id. at 1203. The Eleventh Circuit further found that "sentence review [was] not an attack on the constitutionality or legal correctness of a sentence or judgment in contrast to a direct appeal or habeas action." Id. at 1203-04.

### B. The Limitations Period Was Not Otherwise Reset under AEDPA, and Petitioner Has Not Shown that He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred.

AEDPA describes three other situations which may delay or reset its one-year statute of limitations: (1) where there is a newly discovered factual predicate for a petitioner's claim which could not have been discovered earlier through the exercise of due diligence; (2) where the State has created some "impediment" to filing the application; or (3) where the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28

U.S.C. §§ 2244(d)(1)(B) – (D) (quoted *supra*). As explained above, Petitioner has not provided any such explanation that would delay or reset the limitations period, and thus there is no basis for statutory tolling of AEDPA's one-year statute of limitations.

Nevertheless, an otherwise untimely § 2254 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002) (*per curiam*), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (citing Pace, 544 U.S. at 418-19).

Consideration of an otherwise untimely petition for federal habeas relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1985)); see also Wyzykowski v. Dep't of Corr., 226

F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a petitioner seeking to invoke it must "show that it is more likely than not that no reasonable juror would have convicted him." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). In addition, to be credible, a claim of actual innocence must be based on reliable evidence not presented at trial. Id. (quoting Calderon v. Thompson, 523 U.S. 538, 559 (1998)).

Here, Petitioner has not shown that extraordinary circumstances stood in his way and prevented him from filing his petition. Further, Petitioner has not presented any evidence, much less new evidence, to suggest that he did not commit the offenses with which he was charged such that no reasonable juror would have convicted him. Therefore, neither equitable tolling nor the actual innocence exception saves the instant petition from being time-barred under AEDPA.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED** (doc. no. 7), and that this case be **DISMISSED** and **CLOSED**.

SO REPORTED and RECOMMENDED this 10th day of January, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE

9